UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FILED
LODGED
ENTERED
RECEIVED

JUN 2 8 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

JAMES COLLINS, JR., a seaman,

Plaintiff,

v.

QUIGG BROS. SCHERMER INC., a
Washington corporation; the JAMES T.
QUIGG, a vessel,

Defendants.

In Admiralty

Case No. C00-0415L

ORDER DENYING MOTION
TO EXCLUDE OPINIONS AND
REPORT OF EXPERT WITNESS

This matter comes before the Court on defendant Quigg Brothers Schermer, Inc.'s motion to exclude the opinions and report of expert witness Theodore Becker, Ph.D. ("Dr. Becker"). For the foregoing reasons, defendant's motion is denied..

Defendant alleges that it was the first party to retain Dr. Becker as an expert in this lawsuit. On May 15, 2001, it learned that plaintiff was examined by Dr. Becker at the request of plaintiff's counsel, despite notice that defendant had retained Dr. Becker. Accordingly, defendant moves to exclude the opinions and report of Dr. Becker.[1] Defendant asserts that plaintiff's conduct is prohibited and will prejudice defendant's case.

## I. FACTS

On October 25, 2000, defendant's adjuster received and faxed back a form to Dr. Becker's office, submitting basic information about plaintiff such as the date and nature of his injury. The form's boilerplate language thanks the recipient for the referral of the

---

[1] It was not necessary for plaintiff to include the report of Dr. Becker as an exhibit and the report was not read by the Court.



1   client to EPI Rehabilitation and states that a testing time will be arranged after the receipt

2   of this form. See Decl. of Irene Milburn, Exh. 1. At defendant's request, an appointment

3   was made for Dr. Becker to examine plaintiff on December 8, 2000. The appointment

4   was subsequently rescheduled. Plaintiff was apparently unaware of defendant's

5   communication with Dr. Becker's office.

6       On November 9, 2000, plaintiff served responses to defendant's first set of

7   discovery and stated that Dr. Becker was an expert witness that would possibly be used at

8   trial. See Pltf.'s Opp., Exh. 1. On November 13, 2000, defendant sent a letter to plaintiff,

9   memorializing a telephone conversation and noting that it would reschedule the

10  evaluation with Dr. Becker to mid-February. See Decl. of Craig K. Connors, Exh. 1. On

11  November 14, 2000, plaintiff sent a letter to defendant, confirming that it was

12  "appropriate the physical capacities appointment with Dr. Becker be scheduled following

13  MMI." See id., Exh. 2. Neither the November 13th nor the November 14th letter

14  explicitly states that Dr. Becker is defendant's or plaintiff's expert witness.

15      On November 15, defendant's adjuster sent Dr. Becker a letter confirming the

16  rescheduling of plaintiff's appointment. On the same day, defendant served plaintiff with

17  responses to plaintiff's first set of discovery and identified Dr. Becker as an expert

18  witness. Upon receipt of such discovery, plaintiff contacted Dr. Becker's office and

19  learned that defendant had not paid Dr. Becker a retainer fee. Dr. Becker has submitted a

20  letter that states:

21          It is the standard policy at this office since 1985 that a client relationship
            will not be established until the fee has been received. We do receive
22          written and telephone requests for services but the requirement for payment
            of a fee retainer was instituted so that requests for service would not be
23          misinterpreted as a means of restricting this office from providing fee
            generating service to potential clients.
24
    Plaintiff has paid Dr. Becker a retainer fee and defendant has not. See Pltf.'s Opp., Exh.
25

26  ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS OPINIONS AND REPORT - 2

1  3. Defendant's adjuster, however, states that she has utilized Dr. Becker as an expert
2  witness on previous occasions and has not paid a retainer fee. See Supp. Decl. of Irene
3  Milburn at ¶¶ 6-7.

4      On May 21, 2001, plaintiff wrote defendant a letter addressing the retention of Dr.
5  Becker. Plaintiff indicated that Dr. Becker's report was "virtually finished" and that it
6  paid Dr. Becker a retainer fee. It also stated, "I realize you may have sent him a letter,
7  and you tell me it was prior to our listing him, but the rule I have always understood,
8  including the written rules from Ted's office, is that an expert is not fully retained until
9  the retainer is paid." See Deft.'s Reply, Exhibit. On May 30, 2001, after defendant filed
10 this motion, plaintiff received a written report from Dr. Becker regarding plaintiff's
11 condition.

12     Dr. Becker's actions do not clarify an already murky set of facts. His office
13 scheduled an appointment with plaintiff through defendant's adjuster, yet also issued a
14 report at plaintiff counsel's request. Dr. Becker submits a letter stating his office policy is
15 to be paid a fee prior to forming a client relationship. However, adjuster Irene Milburn
16 alleges that she has utilized Dr. Becker as an expert witness in prior situations without
17 paying a retainer fee or being informed about the necessity of a retainer fee.

18                              **II. DISCUSSION**

19     It is clear that defendant was the first party to contact Dr. Becker. It is less clear
20 that defendant's scheduling of an appointment with Dr. Becker constitutes retention of
21 Dr. Becker as an expert witness. After both parties exchanged discovery responses in
22 November, it is evident there was a problem as to who retained Dr. Becker. Defendant is
23 the party that was scheduling appointments with Dr. Becker. Plaintiff is the party that
24 paid Dr. Becker a retainer fee and obtained a written report. Plaintiff's counsel
25 acknowledges that defendant may have contacted Dr. Becker first but that plaintiff's
26 ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS OPINIONS AND REPORT - 3

1  counsel paid him first.  See Deft.'s Reply, Exhibit.  Plaintiff's counsel is mistaken in his

2  belief that an expert witness must be paid in order to be retained.  There is no such rule.

3  Moreover, Dr. Becker's statement that he only forms a relationship once he is paid is not

4  a rule that governs this Court.

5        Because a retainer fee does not solve this dispute, the Court must address the issue

6  of whether defendant actually "retained" Dr. Becker by scheduling an appointment with

7  him.  If so, it would be defendant's prerogative to exclude Dr. Becker's opinions and

8  report.  An expert witness is one "who is retained or specially employed to provide expert

9  testimony in the case or whose duties as an employee of the party regularly involve

10  giving expert testimony" and who provides a written report on his findings.  Fed. R. Civ.

11  P. 26(a)(2).  Defendant's adjuster alleges that she has utilized Dr. Becker as an expert

12  witness in the past by scheduling appointments, as she did in this case.  While it is

13  plausible that Dr. Becker and defendant's adjuster have done this in the past, there is no

14  clear indication that Dr. Becker agreed to be retained as an expert witness by defendant.

15        The facts proffered by defendant (defendant's adjuster made an appointment with

16  Dr. Becker and defendant listed Dr. Becker as an expert witness in discovery responses)

17  do not establish that Dr. Becker was retained by defendant as an expert witness.

18  Defendant does not allege to have shared any confidential information with Dr. Becker in

19  anticipation of this litigation.  See Agron v. Trustees of Columbia Univ., 176 F.R.D. 445

20  (S.D.N.Y. 1997) (retained expert was provided with extensive background material and

21  with correspondence between parties, examined plaintiff and prepared expert report).

22  Defendant is not prejudiced by the loss of confidential information.  Defendant never paid

23  a retainer and is not prejudiced by any financial loss.  Dr. Becker never saw plaintiff or

24  reviewed materials regarding plaintiff on defendant's behalf.

25        The Court shares defendant's concern regarding some of plaintiff's counsel's

26  ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS OPINIONS AND REPORT - 4

1    actions in this case.  There is no evidence defendant was trying to "tie-up" Dr. Becker

2    so plaintiff could not use him as an expert.  However, defendant is unable to establish that

3    it indeed retained Dr. Becker.  Therefore, plaintiff's rush to pay Dr. Becker and obtain an

4    examination and report cannot be characterized as an improper consultation with a

5    retained expert.

6                                    **III. CONCLUSION**

7           Because defendant's actions do not establish that it retained Dr. Becker and there

8    is no evidence its case would be prejudiced by any information defendant provided to the

9    expert, defendant's motion to exclude the opinions and report of expert witness Dr.

10   Becker is DENIED.  The Clerk of the Court is directed to send copies of this Order to all

11   counsel of record.

12          DATED this 28th day of June 2001.

13                                    _MA Slasnik_

14                                    Robert S. Lasnik
                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26   ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS OPINIONS AND REPORT - 5